# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

INTEGRATED MANAGEMENT ,
SYSTEMS, INC.

      Plaintiff,

v.

MAHESH BASAVEGOWDA,

      Defendant.

Case No. 2:17-cv-13764

Hon. Denise Page Hood

| Noah Hurwitz (P74063) | Alari K. Adams (P73324) |
|---|---|
| DYKEMA GOSSETT PLLC | ASQUARED LEGAL GROUP, PLC |
| 2723 S. State St., Suite 400 | 615 Griswold St., Suite 714 |
| Ann Arbor, Michigan 48104 | Detroit, MI 48226 |
| (734) 214-7617 | (313) 720-2222 |
| nhurwitz@dykema.com | aa@asquaredlegal.com |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

## JOINT PROPOSED DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a conference was held on February 23, 2018, via telephone, and attended by Noah S. Hurwitz for Plaintiff Integrated Management Systems, Inc. ("Plaintiff") and Alari K. Adams for Defendant Mahesh Basavegowda ("Defendant"). Based on the conference, the parties respectfully submit the following Joint Proposed Discovery Plan for the Court's consideration in advance of the Scheduling Conference currently scheduled for March 12, 2018 at 10:00 A.M.

1.   **Background Summary and Factual/Legal Issues**

   a.   *Plaintiff's Position*

Plaintiff is a professional services and staffing firm that hired technically trained information technology workers and provides those workers to third-party business clients ("end-clients"). On or around March 1, 2016, Plaintiff sponsored Defendant for an H-1B visa and expended thousands of dollars to bring Defendant into the United States, including recruitment costs, visa filing fees, lawyer fees, administrative costs, and local agency fees. In 2013, Plaintiff filed a Green Card petition for Defendant, which was approved in 2017 and enabled Defendant to obtain permanent immigrant status in the United States and resulted in Defendant being able to come work in the United States and being placed with end-client SAP-Ariba, a software and information technology services company.

On April 26, 2017, Defendant signed an Employment Agreement with Plaintiff. In the "Non-Compete/Termination" provision of the Employment Agreement, Defendant agreed "not to enter into any employment agreement directly with IMSI's End-client or through any other contract company who provides similar services for a minimum period of 24 months after start of employment with IMSI for an end-client." Defendant agreed that should he "resign or terminate employment with [Plaintiff] prior to the 24 month minimum period, in consideration of the benefits the Employee is deriving, the Employee

shall pay a lump-sum amount of liquidated damages equal to two years of gross margin based on IMSI project billing rate to cover for loss of business." Notwithstanding these obligations, around October 27, 2017 Defendant resigned his employment with Plaintiff and accepted direct employment with end-client SAP Ariba, after only approximately six months of employment with Plaintiff, thus breaching his employment agreement.

      **b.**    *Defendant's Position*

Around March 2017, Defendant, Mahesh Basavegowda, began employment with IMSI via an H1-B visa, which he financially contributed to the associated fees and costs. Around April 17, 2017, partly due to Mr. Basavegowda's suggestion/referral, IMSI assigned him to SAP to serve as a temporary/contract IT programmer. Around April 26, 2017, IMSI presented Defendant with a one-page "Policies and Terms" document outlining the terms of his assignment and restrictive covenant(s). Upon conclusion of his assignment in October 2017 and IMSI's subsequent failure to assign him with another end-client, Defendant began full-time employment with SAP.

During his employment with IMSI, Mr. Basavegowda was never privy to IMSI's: trade secrets, confidential information, and/or goodwill. Nonetheless, Defendant denies the enforceability of IMSI's "Policies and Terms" document

including the restrictive covenant(s) which prohibit competition and serve as a restraint on trade.

**2.** **Subject Matter Jurisdiction**

The parties agree that this Court has subject matter jurisdiction over the matter.

**3.** **Relationship to Other Cases**

There are no pending related cases or previously adjudicated related cases between the parties.

**4.** **Necessity of Amendments**

The parties do not anticipate any amendments to the pleadings at this time.

**5.** **Anticipated Discovery Disputes; Discovery Progress**

The parties do not anticipate any discovery disputes and agree to conduct discovery as set forth by the Federal Rules of Civil Procedure. Additionally, the parties will commence discovery after the Court's Scheduling Conference. As indicated below, the parties shall exchange initial disclosures pursuant to Rule 26(a)(1) by April 2, 2018. The parties do not request any changes to the form or requirements of disclosures as set forth by Rule 26(a)(1).

**6.** **State Court Evaluation, Facilitation, and Settlement**

The parties agree to evaluate the possibility of facilitation and mediation on an ongoing basis as the case moves forward. The parties do not agree to be bound by the provisions of Michigan Court Rule 2.403, including sanctions.

**7.    Anticipated Motions**

Plaintiff expects to file a motion for summary judgment following the close of fact discovery.

All parties expect to file motions in limine before trial.

**8.    Estimated Length of Trial**

The parties estimate that trial will take less than one week.

**9.    Proposed Discovery Management Plan**

| EVENT | DEADLINE |
| --- | --- |
| Initial Disclosures under FED. R. CIV. P. 26(a)(1) | April 2, 2018 |
| Expert Witness List and Disclosure under FED. R. CIV. P. 26(a)(2) - Plaintiff | August 1, 2018 |
| Expert Witness List and Disclosure under FED. R. CIV. P. 26(a)(2) - Defendant | August 15, 2018, 2018 |
| Discovery – Fact and Expert | September 26, 2018 |
| Lay Witness List | August 1, 2018 |
| Dispositive Motion Deadline | October 19, 2018 |
| Final Pretrial Order | January 23, 2019 |
| Final Pretrial Conference | January 30, 2019 |
| Trial | February 13, 2019 |

Respectfully submitted, this 4th day of March, 2018.

| | |
|---|---|
| /S/ NOAH S. HURWITZ | /S/ ALARI K. ADAMS |
| Noah S. Hurwitz (P74063) | Alari K. Adams (P73324) |
| DYKEMA GOSSETT PLLC | ASQUARED LEGAL GROUP, PLC |
| 2723 S. State St., Suite 400 | 615 Griswold St., Suite 714 |
| Ann Arbor, MI 48104 | Detroit, MI 48226 |
| (734) 214-7617 | (313) 720-2222 |
| nhurwitz@dykema.com | aa@asquaredlegal.com |
| | |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

## **CERTIFICATE OF SERVICE**

Noah Hurwitz certifies that on February _, 2018, he electronically filed the foregoing Joint Proposed Discovery Plan with the Clerk of the Court using the ECF system which will send notification of such filing to all participants.

                Respectfully submitted,

                /s/ NOAH S. HURWITZ
                Noah S. Hurwitz (P40275)
                DYKEMA GOSSETT PLLC
                2723 S. State St., Suite 400
                Ann Arbor, MI  48104
                (734) 214-7617
                nhurwitz@dykema.com

                ATTORNEYS FOR PLAINTIFF