### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

INTEGRATED MANAGEMENT
SYSTEMS, INC.,

                    Plaintiff,                CASE NO. 17-13764
                                               HON. DENISE PAGE HOOD

v.

MAHESH BASAVEGOWDA,

                    Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEMAND FOR JURY TRIAL [#22]

## I.      BACKGROUND

### A. Procedural History

On or about November 20, 2017, Plaintiff Integrated Management Systems Incorporated ("Plaintiff" or "IMSI") commenced this action, asserting one count for Breach of Contract against Mahesh Basavegowda ("Defendant"). [ECF No. 1] A jury trial was scheduled for January 2020, but it was postponed for a settlement conference. Currently, there is no jury trial date set. On January 21, 2018, Defendant filed an answer, affirmative defenses, and a jury demand. [ECF No. 10]. On March 18, 2020, IMSI filed a motion to strike Defendant's jury demand. [ECF No. 22]

### B. Factual Background

Plaintiff IMSI is an information technology ("IT") staffing firm that hires skilled IT workers, facilitates their emigration to the United States, and places them with end clients.  [ECF No. 12, Pg. ID 207; ECF No. 4]  On April 26, 2017, Defendant, a highly skilled IT worker, signed the Employment Agreement with IMSI as a programmer.  [ECF No. 22-2, Employment Agreement] The Employment Agreement contains a non-compete provision that states that Defendant agrees to not obtain employment directly with Plaintiff's end-client for at least 2 years after start of employment with Plaintiff for an end-client.  *Id*.  The alleged violation of the non-compete provision is the basis of IMSI's breach of contract claim against Defendant. [ECF No. 1]

The signed Employment Agreement also contains a jury trial waiver which states that each of the parties knowingly and voluntarily agree to have all disputes determined in front of a judge instead of a jury.  [ECF No. 22-2]  Two years after Defendant filed his demand for a jury trial, Plaintiff now asks the Court to grant their motion to strike the demand for a jury trial because Defendant knowingly and voluntarily agreed to the jury waiver.  [ECF No. 4; ECF No. 22]

## II.    LEGAL ANALYSIS

### A. Standards of Review

Rule 39 and 39(a)(2) of the Federal Rules of Civil Procedure ("FRCP")

provide that "the trial on all issues so demanded must be by jury unless: the court,

on motion or on its own, finds that on some or all of those issues there is no federal

right to a jury trial."  Fed. R. Civ. P. 39 & 39(a)(2).  Rule 39 imposes no time

restraints or deadline on the filing of a motion to strike a jury demand.

The question of right to jury trial is governed by federal and not state law

and parties to a contract may by prior written agreement waive the right to jury

trial.  *K.M.C. Co. v. Irving Tr. Co.*, 757 F.2d 752, 755 (6th Cir. 1985).  The United

States Court of Appeals for the Sixth Circuit holds that the constitutional right to

jury trial may only be waived if done knowingly, voluntarily and intentionally.  *Id*.

"In evaluating whether a [waiver] has been knowingly and voluntarily executed,

we look to (1) plaintiff's experience, background, and education; (2) the amount of

time the plaintiff had to consider whether to sign the waiver, including whether the

employee had an opportunity to consult with a lawyer; (3) the clarity of the waiver;

(4) consideration for the waiver; as well as (5) the totality of the circumstances."

*Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 668 (6th Cir. 2003) (citing

*Adams v. Philip Morris, Inc.,* 67 F.3d 580, 583 (6th Cir. 1995)).  The party seeking

to avoid a jury trial waiver must show that they did not knowingly and voluntarily

agree to the provision. *High v. Capital Senior Living, Inc.*, 594 F. Supp. 2d 789, 800 (E.D. Mich. 2008).

### B. Application

Defendant responded to Plaintiff's motion by claiming that the motion to strike was so "grossly untimely" as to result in a waiver by the Plaintiff of any objection to Defendant's jury demand and prejudice to Defendant if granted. [ECF No. 27, Pg. ID 377]. In their reply, Plaintiff states that not only has Defendant made no demonstration that he knowingly and voluntarily agreed to the jury waiver, but that their motion was not untimely, and Plaintiff did not waive their right to strike the jury demand.

Defendant does not deny that Mr. Basavegowda knowingly and voluntarily agreed to the jury trial waiver. Instead, Defendant argues that Plaintiff's motion should be denied because it is egregiously untimely. [ECF No. 27, Pg. ID 377] Defendant not only argues that this untimeliness has waived the Plaintiff's right to challenge the jury demand, but that if this motion were to be granted, it would result in prejudice to Defendant due to the amount of time spent preparing for a jury trial. *Id.* at 383-387. Lastly, Defendant argues that COVID-19 should have no impact on the Court's denial of Plaintiff's motion due to the Court's ability to take precautions to ensure everyone's health and safety.

**1. Plaintiff's motion was not untimely because there is no binding authority that would suggest the opposite.**

While Plaintiff's motion to strike the jury demand seems to be extremely late, both parties have already stated in their briefs that Rule 39(a)(2) of the FRCP imposes no time restraint on when the motion can be filed.  [ECF No. 22, Pg. ID 348; ECF No. 27, Pg. ID 382]  Defendant attempts to ameliorate this admission by citing to non-binding authority that demonstrates that "the court has discretion to decide whether a motion to strike a jury demand is timely or too late."  *Id.  Burton v. Gen. Motors Corp.*, Case No. 1:95-cv- 1054-DFH-TAB, 2008 WL 3853329 at *7 (S.D. Ind. Aug. 15, 2008) (Ex. 2) (citing *Tracinda v. Daimler Chrysler AG*, 502 F.3d 212, 226-27 (3d Cir. 2007)).  On the contrary, Plaintiff has cited to binding Sixth Circuit cases and federal court cases within the Sixth Circuit in support of their motion.

As it concerns Defendant's issue with the timeliness of the motion, not only does FRCP 39 state no time restraint on filing the motion, but Plaintiff has cited to federal courts within the Sixth Circuit that hold the same.  [ECF No. 22, Pg. ID 348]  As stated in *Jones-Hailey*, "[Rule 39] contains no time limit within which TVA was required to object to Jones-Hailey's jury demand.  This Court cannot impose a right to a jury trial where none exists even though TVA waited until one month before the scheduled trial date to move the Court to strike the jury demand."

*Jones-Hailey v. Corp. of Tenn. Valley Auth.*, 660 F. Supp. 551, 553 (E.D. Tenn. 1987).

In their response brief, Defendant cited to *Burton* which stated that the Court has discretion to decide whether the motion was timely or not. [ECF No. 27, Pg. ID 382] *Burton v. Gen. Motors Corp.*, Case No. 1:95-cv- 1054-DFH-TAB, 2008 WL 3853329 at *7 (S.D. Ind. Aug. 15, 2008). However, Plaintiff cites to two Eastern District of Michigan cases where it was determined that out-of-circuit cases were not controlling. [ECF No. 29, Pg. ID 396]; *Little v. United States,* 242 F. Supp. 2d 478, 481 (E.D. Mich. 2003); *Grove Press, Inc. v. Blackwell,* 308 F. Supp. 361, 373 (E.D. Mich. 1969). Due to the fact that Defendant has cited to no binding authority to support their position, while Plaintiff has cited to binding authority to support their position and because both parties agree that Rule 39 has no time restraint, Defendant's argument that the motion was untimely fails before the Court.

### 2. Due to the fact that Rule 39(a)(2) imposes no time restraint on when a motion to strike a jury demand can be filed, Plaintiff has not waived their right to file the motion due to a delay.

Defendant stated in their response brief that courts have denied a Rule 39(a)(2) motion when it is filed on the eve of trial and that Plaintiff can waive their right to file this motion as a result of their delay in filing. [ECF No. 27, Pg. ID 383] In support of their position, Defendant again cites to a series of non-binding

authority where the party that filed the Rule 39(a)(2) motion was denied based upon their significant delay in filing the motion. *Id.* at 383-384; *Burton v. Gen. Motors Corp.*, Case No. 1:95-cv-1054-DFH-TAB, 2008 WL 3853329 at *7 (S.D. Ind. Aug. 15, 2008); *Adams v. Falcon Drilling Co.*, Case No. CIV.A. 97-1143, 1998 WL 195981 at **1-2 (E.D. La. 1998); *United States v. 79.36 Acres of Land*, No. 90-15779, 1991 WL 275355 at **2-3 (9th Cir. Dec. 20, 1991); *Cantiere DiPortovenere Piesse S.p.A. v. Kerwin*, 739 F.Supp. 231, 235 (E.D. Pa. 1990).

As stated in Plaintiff's reply brief, these cases are non-binding and out of context because none of the cases involved a jury waiver. [ECF No. 29, Pg. ID 396-397] In *Burton*, unlike here, a knowing and voluntary waiver of the right to a jury trial was not present. *Id.* at 396. In *Adams*, the court denied Plaintiff's motion to strike their own jury demand on the basis of FRCP 15 and not on FRCP 39(a)(2) or a knowing and voluntary standard. *Id.* at 397. In *79.36 Acres of Land*, the court decided, on the basis of FRCP 71A(h), that defendant's delay in moving to strike resulted in the plaintiff's jury demand being improperly stricken. *Id.* Because the case was not decided on FRCP 39(a)(2) grounds, it is not useful for guidance in this matter. Finally, in *Cantiere*, similar to the other cases cited by Defendant, there was no jury waiver and the court denied the defendant's motion to strike their own jury demand based on standards that do not involve FRCP 39(a)(2). *Id.*;

*Cantiere DiPortovenere Piesse S.p.A. v. Kerwin*, 739 F.Supp. 231, 235 (E.D. Pa. 1990).

While these cases all involve situations where the court denied the party filing the motion to strike the jury demand on the premise that the motion was filed too late, none of these cases are controlling and the decisions of the court were not based upon one of the party's waiving their right to have a jury trial as in this case. FRCP 39(a)(2) does not have a time limit on when the motion to strike a jury demand can be filed. FRCP 39(a)(2) also does not state that a plaintiff can waive their motion to strike after a significant delay. While other, out-of-circuit courts have ruled this a possibility, Defendant has cited to no Sixth Circuit cases where this has happened. Due to Defendant's lack of controlling cases on this point, the Court rules that Plaintiff has not waived their right to file a motion to strike a jury demand.

### 3. The Defendant has cited to no in-circuit authority that states that prejudice to the Defendant is the, or is a part of the, standard for denying a Rule 39(a)(2) motion.

In Defendant's response brief, it was argued that the motion to strike the jury demand should be denied because the timing of the filing is prejudicial to the Defendant's trial preparation. [ECF No. 27, Pg. ID 387] In support of this argument, Defendant cites to two non-binding cases where the court refused to strike the jury demand because the parties had already prepared their cases for a

trial by jury and granting the motion would present a "deleterious effect on the orderly preparation for trial for both the parties and the Court."  *Id.*; *Burton v. Gen. Motors Corp.*, Case No. 1:95-cv-1054-DFH-TAB, 2008 WL 3853329 at *7 (S.D. Ind. Aug. 15, 2008); *Adams v. Falcon Drilling Co.*, Case No. CIV.A. 97-1143, 1998 WL 195981 at *2.4 (E.D. La. 1998).

While Plaintiff's motion was filed over two years after the jury demand was filed, Defendant has cited to no controlling authority that states that prejudice to a party is a factor in the decision of denying a motion to strike a jury demand. Defendant also has not addressed the test laid out in *High*, where the Eastern District of Michigan adopted the Sixth Circuit's five-factor test to decide whether a waiver of the right to a jury trial was knowing and voluntary.  *High v. Capital Senior Living Props. 2 Heatherwood, Inc.*, 594 F. Supp. 2d 789, 800 (E.D. Mich. 2008).  In *High*, the court stated, "where there is a clear, express waiver of the right to a jury trial, the party seeking to avoid that waiver must demonstrate that she did not knowingly and voluntarily agree to the provision."  *Id.*  Defendant has not argued that his signing of the waiver was not knowing and voluntary.  In fact, Defendant admitted to signing the employment agreement in earlier pleadings. [ECF No. 16, Pg. ID 289]  Because Defendant ignored this controlling standard in their response brief, it cannot be said that they have satisfied it.  Due to this fact,

the Court finds that Defendant's signing of the employment agreement with the jury trial waiver was knowing and voluntary.

**4. Plaintiff has provided valid public health and safety concerns.**

Defendant argued in their response brief that the ongoing pandemic should have no influence on the decision to deny Plaintiff's motion to strike the jury demand because the Court has the ability to enact measures to ensure everyone's health and safety. [ECF No. 27, Pg. ID 388] However, in Plaintiff's motion to strike, it was argued that the totality of circumstances weighed in favor of granting Plaintiff's motion to strike. [ECF No. 22, Pg. ID 352] The totality of circumstances is one factor of the five-factor test adopted by the Eastern District of Michigan in *High* that Defendant failed to address. *High*, 594 F. Supp. 2d at 800. Plaintiff argued that jurors would be subjected to the risk of contracting the virus by being in close proximity with each other and that it has been recommended by government leaders to socially distance in order to limit the spread of the virus. [ECF No. 22, Pg. ID 352] Plaintiff's argument for a bench trial seems to better serve the interests of public health and safety as many credible government officials (CDC; U.S. Department of Health & Human Services; Governor Gretchen Whitmer) have stated, like Plaintiff argued in their motion, unnecessary human contact should be avoided. *Id.* What makes human contact unnecessary in this case is the fact that Defendant knowingly and voluntarily signed an employment

agreement with a jury trial waiver.  Due to the fact that Plaintiff's argument better suits public safety during this global pandemic, the Court finds in favor of Plaintiff and **GRANTS** the Motion to Strike the Jury Demand.

## III.  CONCLUSION

Due to Defendant's arguments not being based on controlling authority and their neglect in addressing the five-factor test adopted by the Eastern District of Michigan, Plaintiff prevails on their Motion to Strike the Jury Demand.

For the reasons stated above,

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike the Jury Demand [ECF No. 22] is **GRANTED**.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: December 3, 2020